985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
L.C. WHITE, Toral Henderson, and Joyce E. Howell,
Defendants-Appellants.
 Nos. 92-5167, 92-5168 and 92-5170.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1993.
 
 Before KENNEDY and RALPH B. GUY, JR., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants L.C. White, Toral Henderson, and Joyce E. Howell appeal their convictions and sentences for conspiracy to possess cocaine with the intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 846. All three defendants contest the sufficiency of the evidence to support their convictions. In addition, defendants Howell and White contest their sentences. Howell asserts the government failed to prove she participated in the conspiracy after the effective date of the United States Sentencing Commission Guidelines ("U.S.S.G." or "Guidelines"), under which she was sentenced. Howell also asserts the District Court erred in determining the amount of cocaine which should appropriately be taken into account in her sentence. White asserts the District Court erred in not granting a reduction for minimal participation in the conspiracy and in not departing downward to reward defendant for stipulating to certain facts at trial. For the reasons set forth below, we AFFIRM the convictions and sentences.
 
 I.
 
 2
 Defendants were indicted along with 23 co-defendants by a federal grand jury on November 29, 1989. These defendants were alleged to have belonged to a drug distribution conspiracy which brought cocaine from Los Angeles, California to Memphis, Tennessee. This conspiracy was named "the Bovan Organization" after its apparent leader, Eric Bovan, and his family, which owned the nightclub, "Mr. B's.," around which the conspiracy centered. The indictments were the result of cooperation of a conspiracy member, Earl Woods, with the Federal Bureau of Investigation.
 
 II.
 
 3
 All three defendants contend that the evidence produced at trial was insufficient to support their convictions. Our review of the sufficiency of the evidence is narrow in scope. A conviction should be upheld if "after reviewing the evidence in the light most favorable to the prosecution" we determine that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Circumstantial evidence alone may be enough to sustain a conviction, even if it does not remove every reasonable interpretation of events other than guilt. Ellzey, 874 F.2d at 328. A conspiracy conviction should be affirmed if the circumstantial evidence with regard to a defendant can "reasonably be interpreted as participation in the common plan." Id. (quoting United States v. Bavers, 787 F.2d 1022, 1026 (6th Cir.1985)).
 
 
 4
 Defendant Henderson admits both that the evidence established the existence of the Bovan conspiracy and his own knowledge of that conspiracy. Henderson contends, however, that the evidence is insufficient to show his actual participation in the conspiracy. Henderson maintains that this element of his conspiracy conviction is supported solely by the uncorroborated testimony of a single witness, Robert Earl Winters, and that this testimony is so unreliable it does not support his conviction.
 
 
 5
 After identifying Henderson in the courtroom, Winters described a trip from Memphis to Los Angeles by Winters and Henderson. Winters described Henderson's participation in Memphis in counting and carrying $140,000 in drug money. Winters indicated that Henderson was present when that money was exchanged with Shirrin Knox for eight kilograms of cocaine in Los Angeles and that Henderson had a role in bringing the eight kilograms of cocaine back to Memphis. On cross-examination, Winters testified that he had made more than one trip to Los Angeles to carry out cocaine transactions and that Henderson was in charge of the transaction on at least one of these trips. The crux of Henderson's attack on the evidence is his contention that this testimony by Winters is contradicted by that of Knox. Knox testified that Henderson was present when money was exchanged for drugs in Los Angeles, but that as far as she knew, "he was there for the ride." We do not find this testimony to contradict Winters' description of Henderson's participation. In fact, if nothing else, Knox's testimony corroborates that of Winters. Both testified that Henderson traveled to Los Angeles on trips where money was exchanged for drugs. The only possible contradiction would arise from Winters' testimony that Henderson was in charge and Knox's testimony that she had insufficient information to determine anything about Henderson's involvement except that he was present and knew what was happening. These statements do not necessarily conflict, and there are a number of theories which would reconcile them. It is quite conceivable, for instance, that the person in charge of a drug deal might not handle the money and drugs or do anything during the actual transaction. Thus, based on the testimony of Winters and Knox, we find enough evidence of Henderson's participation in the Bovan conspiracy that a rational trier of fact could have found him guilty beyond a reasonable doubt. Nothing in the record required the jury to reject Winter's testimony.
 
 
 6
 Defendant Howell contends that the evidence is insufficient to establish her participation in the conspiracy. We find, however, enough evidence of Howell's participation in the Bovan conspiracy that a rational trier of fact could have found her guilty beyond a reasonable doubt. There was testimony at trial that on a number of occasions during the period the conspiracy went on, Howell arranged at the direction of another one of the conspiracy members to have a car rented by a third person for Howell's use. In addition, Howell admitted to having been convicted of possession of cocaine with intent to distribute on two occasions during the period the conspiracy went on. Finally, a search of Howell's house revealed scales of a type used for weighing cocaine, packing material of a type used for distributing cocaine, and documents--such as letters, phone records, and a calendar page with names and numbers written on it--linking Howell to the Bovan conspiracy. A pistol was found in Howell's purse.
 
 
 7
 Defendant White also contends that the evidence is insufficient to establish his participation in the conspiracy. As in the case of Henderson and Howell, however, we find enough evidence of White's participation in the Bovan conspiracy that a rational trier of fact could have found him guilty beyond a reasonable doubt. Two witnesses testified concerning White's participation in the conspiracy. Knox testified that White was with Raymond West on two occasions when West came to Los Angeles and exchanged money for cocaine, although according to Knox, White was not in the same room where the transaction took place. Earl Woods, the government's main informant in the case, testified that White counted money with West before one of the trips to Los Angeles. Woods also testified that White was a passenger in a car returning from Los Angeles with cocaine.
 
 III.
 
 8
 Defendant Howell contests her sentence in two ways. First, she asserts the government failed to prove her participation in the conspiracy after the effective date of the Sentencing Guidelines, under which she was sentenced. The Sentencing Guidelines apply to any conspiracy which continued after their effective date, November 1, 1987. United States v. Chambers, 944 F.2d 1253, 1269 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 (1992). Howell contends that the government failed to prove any particular overt act on her part taking place after the effective date. To require such would be to misstate the law of this Circuit, however. In order to avoid sentencing under the Guidelines for a conspiracy that continued after their effective date, a defendant must show that she withdrew earlier. Id. To withdraw, a defendant must take an affirmative action to disavow or defeat the conspiracy's purpose. United States v. Edgecomb, 910 F.2d 1309, 1312 (6th Cir.1990). Because the Bovan conspiracy continued well after November 1, 1987 and the record indicates no such action, it was not error for the District Court to sentence Howell under the Guidelines.
 
 
 9
 Second, Howell asserts the District Court erred in determining the amount of cocaine which should appropriately be taken into account in her sentence. This Court reviews factual findings by a District Court in sentencing under the Guidelines only for clear error. United States v. Todd, 920 F.2d 399, 408 (6th Cir.1990). In establishing relevant conduct under the Guidelines, the District Court determined that Howell was involved in the distribution of five to fifteen kilograms of cocaine. Howell contends that only the one kilogram which she is charged with having stored should be taken into account. For relevant conduct determinations under the Guidelines, however, a district court may consider more than the amount of drugs specifically contained in the indictment. United States v. West, 948 F.2d 1042, 1045 (6th Cir.1991), cert. denied, 112 S.Ct. 1209 (1992). All drugs included in the same common scheme or plan or course of conduct as the count of conviction may be included. Id. Considering the amounts of cocaine transported by the conspiracy from Los Angeles to Memphis, such as the single purchases of eight to twelve kilograms Knox testified to, and considering the distribution paraphernalia and documents found in Howell's house, it was not error for the District Court to set her awareness level at five to fifteen kilograms for the purpose of sentencing.
 
 IV.
 
 10
 Finally, defendant White also contests his sentence. First, White contends the District Court erred in not reducing his sentence for minimal participation in the conspiracy under U.S.S.G. § 3B1.2. We review District Court sentencing decisions of this type only for clear error. United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 111 S.Ct. 565 (1990). From the record in front of us, there is nothing indicating that the District Court was erroneous in not classifying White as a lesser participant. In fact, our review to determine the sufficiency of the evidence, Section II supra, reveals nothing which would definitively differentiate White's participation from that of Henderson and Howell, except perhaps Winters' statement that Henderson was in charge during a single California trip. White does point to Knox's statement that White was not in the room when the actual transfer of money for drugs took place. As we said in reviewing the sufficiency of the evidence with regard to Henderson, however, there are a number of reasonable theories which explain such positioning, many of which are not exculpatory. Thus, it was not clear error for the District Court to deny a minimal participation reduction to White.
 
 
 11
 Second, White asserts the District Court erred by not departing downward from the Guidelines to reward defendant for stipulating to certain facts at trial. White's theory is that by stipulating he promoted judicial economy and saved prosecutorial resources, for which he should be rewarded. This Court has been clear on multiple occasions, however, that review of a district court decision not to depart downward is limited. See United States v. Smith, 918 F.2d 664, 667 (6th Cir.1990), cert. denied, 111 S.Ct. 1088 (1991). If defendant's sentence is within the Guideline range and otherwise valid, it "is not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence." United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). As a result, we do not consider whether White's theory would provide suitable grounds for departure.
 
 V.
 
 12
 For the reasons stated above, the convictions and sentences of the defendants should be AFFIRMED.